```
                    UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MAINE
```

Kevin Lee Ross

    v.                                            Case No. 24-cv-14-SDE

Andrew McCormack, et al.

## REPORT AND RECOMMENDATION

Plaintiff Kevin Lee Ross, appearing pro se, is currently confined in the Somerset County Jail. He has filed a complaint (Doc. No. 1) naming as defendants a federal prosecutor, federal probation officer and two other individuals he identifies as his brothers. The complaint is before the undersigned Magistrate Judge for preliminary review. See 28 U.S.C. § 1915A(a) (subjecting complaints to preliminary review "as soon as practicable after docketing" where plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity.")

### Preliminary Review Standard

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. See 28 U.S.C. § 1915A(a), (c). The § 1915A screening

requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim . . .; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 569 n. 14).

## Discussion

The plaintiff alleges he was the victim of a conspiracy, instigated by his brothers, to steal a $420,000 insurance settlement and to "get him out of the way to do it." Compl.

(Doc. No. 1) at 3.  In addition to his brothers -- defendants Scott Lee Ross and Michael Lee Ross – plaintiff claims that prosecutor Andrew McCormack and probation officer Bryce Turgenson "fell right in line to help the conspiracy along." Id.  He alleges no additional facts.  Mr. Ross describes his legal claims as: 1) false arrest; 2) double jeopardy; 3) false imprisonment; 4) unreasonable search and seizure; 5) denial of fair trial and due process; and 6) conspiracy to interfere with civil rights and neglect to prevent.  He seeks a declaratory judgment and compensatory and punitive damages.  Id.

In the first instance, the complaint consists of only conclusory legal statements unsupported by any facts to support them.  The asserted claims lack the "who, what, where, when and why" information as to each of these causes of action. See Brown v. Forensic Health Servs., Inc., No. CIV.A. 13-13078-RGS, 2013 WL 6814852, at *3 (D. Mass. Dec. 23, 2013).

"Though . . . pro se complaints are to be read generously, allegations . . . must nevertheless be supported by material facts, not merely conclusory statements." Ross v. Bangor Sav. Bank, No. 1:24-CV-00021-NT, 2024 WL 808811, at *2 (D. Me. Feb. 27, 2024) (quoting Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted)).  The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." Young v. Wells Fargo, N.A., 717 F.3d

3

224, 231 (1st Cir. 2013); see also Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). The pleading rules "demand[] more than an unadorned, the-defendant- unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

Mr. Ross' complaint satisfies none of these criteria. Accordingly, dismissal is warranted because he has not alleged any facts that would support a plausible claim against any of the defendants. See Fed. R. Civ. P. 12(b)(6).

In addition to the failure to state a claim, other reasons also support dismissal of the complaint. Dismissal of claims against defendant McCormack is appropriate because, subject to exceptions not present here, "a prosecutor is entitled to immunity against civil liability for the decision whether to initiate a prosecution and for actions taken in presenting the case against the defendant." Larsen v. Maine, No. 1:20-CV-00450-JDL, 2021 WL 1394461, at *3-4 (D. Me. Apr. 13, 2021), report and recommendation adopted, 2021 WL 1996394 (D. Me. May 18, 2021), aff'd, No. 21-1422, 2022 WL 1714568 (1st Cir. Mar. 21, 2022)

4

(citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). Similarly, defendant Turgenson, a probation officer, is immune from civil liability. See Fields v. Levin, No. CV 19-1100WES, 2020 WL 3001294, at *3 (D.N.H. Apr. 16, 2020), report and recommendation adopted, 2020 WL 3000956 (D.N.H. June 3, 2020). And finally, dismissal against defendants Scott Lee Ross and Michael Lee Ross is warranted because the alleged constitutional violations can only be asserted against government actors, not private parties. Ouellette v. Kennebec Behav. Health, No. 2:14-CV-00427-GZS, 2015 WL 413883, at *3 (D. Me. Jan. 30, 2015).

## Conclusion

Based on the foregoing, the district judge should dismiss the complaint. If the district judge adopts this recommendation, all pending motions should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right

to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge
Sitting by Designation

March 12, 2024
Cc: Kevin Lee Ross, pro se