UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE


Kevin Lee Ross

     v.                          Case No. 24-cv-014-SDE-AJ

Andrew McCormack, et al.


**REPORT AND RECOMMENDATION**

Plaintiff Kevin Lee Ross, appearing pro se, is currently confined in the Somerset County (Me.) Jail. He filed a complaint (Doc. No. 1), naming as defendants a federal prosecutor and probation officer, as well as two relatives Presently before the court is plaintiff's motion for injunction (Doc. No. 14), which was referred to the undersigned Magistrate Judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); LR 72(a). As explained below, the district judge should deny plaintiff's motion because he failed to demonstrate a likelihood of success on the merits or irreparable harm, and because he seeks relief against a non-parties.

**PRELIMINARY INJUNCTION STANDARD**

Injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citations and quotation marks omitted). "To grant a preliminary injunction, a district court must find the following

four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). As the party seeking injunctive relief, the plaintiff bears the burden of establishing that the factors weigh in their favor. See Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014); Esso Standard Oil Co., 445 F.3d at 18.

## FACTUAL ALLEGATIONS

The incarcerated plaintiff, who asserts that he is litigating several civil and criminal cases, seeks an injunction preventing Federal Marshals and federal and state jail personnel from "separating [him] from [his] personal property and especially [his] legal work, papers and research . . . ." Pltf. Mot. (Doc. No. 14)  at 1.

## DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff's complaint in this case relates to actions taken by the defendants in connection with his criminal prosecution.

As the claims in this case do not involve denial of access to his personal property or legal materials, this factor weighs heavily against injunctive relief.

### B. Irreparable Harm

"A plaintiff seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction.'" Range of Motion Prod. LLC v. Armaid Co. Inc., No. 1:21-CV-00105-JDL, 2021 WL 3476607, at *10 (D. Me. Aug. 6, 2021) (quoting Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008)). By its own terms, plaintiff's relief is contingent is aimed at some future conduct, which is not alleged to be imminent. "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id. (quoting Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). As the plaintiff failed to demonstrate irreparable harm, this factor also weighs against injunctive relief.

### C. Enjoining Non-parties

As noted above, the requested injunctive relief targets non-parties – Marshals and jail or prison personnel. But only parties or those acting in concert with parties can be bound by an injunction. See Fed. R. Civ. P. 65(d)(2). As neither the complaint nor the instant motion suggests any connection between

3

these defendants and entities that might be involved in preventing plaintiff from accessing his belongings, an injunction cannot issue.

### CONCLUSION

Based on the foregoing, the district judge should deny plaintiff's motion for preliminary injunction. (Doc. No. 14). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge
Sitting by designation.

August 7, 2024

cc:  Kevin Lee Ross, pro se

4