**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

KEVIN LEE ROSS

v. No. 24-cv-014-SDE

PROSECUTOR ANDREW MCCORMACK, ET AL.[1]

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Kevin Lee Ross filed a Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 13-2, 19[2]) in this court, asserting that Defendants violated his rights under the United States Constitution in connection with a criminal case and supervised release violation prosecuted against him in this court. The Complaint is before the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a). For the reasons explained below, the Court recommends that the district judge dismiss the Complaint in its entirety.

**PRELIMINARY REVIEW STANDARD**

In conducting preliminary review under 28 U.S.C. § 1915A(a), the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away

---

[1] In his Complaint documents (Doc. Nos. 1, 13-2, 19), Plaintiff Kevin Lee Ross identifies the following individuals as defendants to this action: Assistant United States Attorney Andrew McCormack; United States Probation Officer Bryce Turgeson; Scott Lee Ross; and Michael Lee Ross.

[2] Mr. Ross made three additional filings in this case, which are docketed as Document Nos. 33-35 which, in part, appear to assert claims for relief. The same three filings were made in a number of cases Mr. Ross filed in this court. See, e.g., Ross v. Woodcock, No. 24-cv-013-LBM (D. Me.) (ECF Nos. 59-61). To the extent claims were asserted in those filings, they were dismissed in the other cases in which they were filed. Accordingly, to the extent Mr. Ross asserts claims in Document Nos. 33-35, the district judge should dismiss those claims as duplicative of claims which the court previously dismissed in other cases filed by Mr. Ross.

the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se complaint states a claim, the Court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). Applying this standard, the Court relates the facts relevant to the claims in this action as set forth in the Complaint.

## BACKGROUND[3]

In 2013, in this court, the United States charged Mr. Ross with one count of possessing child pornography. See United States v. Ross, Crim. Case No. 1:13-cr-158-LEW (D. Me.) ("2013 Criminal Case") (ECF No. 1). Assistant United States Attorney ("AUSA") Andrew McCormack prosecuted the 2013 Criminal Case on behalf of the United States. On October 21, 2014, a jury found Mr. Ross guilty of that offense. See id. (ECF No. 78). On April 2, 2015, the trial court sentenced Mr. Ross to serve ninety months in federal prison, followed by five years of supervised release. See id. (ECF No. 95). The First Circuit Court of Appeals affirmed his conviction. See United States v. Ross, 837 F.3d 85, 91 (1st Cir. 2016). The Supreme Court denied Mr. Ross's petition for a writ of certiorari. See Ross v. United States, 137 S. Ct. 485, 486 (2016) (Mem.).

Mr. Ross was released from incarceration and commenced his term of supervised release on or about April 8, 2021. See 2013 Crim. Case (ECF No. 121, at 1). While Mr. Ross was on

[3] The facts here are taken from the Complaint documents filed in this case and the public dockets of cases referenced in Mr. Ross's filings and in this Order.

supervised release, he was living with his brother, Scott Lee Ross ("Scott"). During that time, Scott called Mr. Ross's probation officer and reported that Mr. Ross was in possession of an unauthorized cell phone. Mr. Ross alleges that Scott's report to probation was false. Mr. Ross contends that Scott made the reports in an effort to have Mr. Ross removed from the house and incarcerated, so that Scott and Mr. Ross's other brother, Michael Lee Ross could split their mother's estate (which consisted of, at least, a house and a $420,000 life insurance policy) two ways, rather than having to share the estate with the plaintiff.

In response to Scott's calls, United States Probation Officers ("USPOs") Bryce Turgeson, and Ashley Hadam searched Mr. Ross's home. They discovered a laptop and cell phone containing child pornography. Scott told the officers those items belonged to Mr. Ross. As a result, Mr. Ross's supervised release was revoked on October 3, 2024, and the court imposed a twenty-four month prison sentence for the supervised release violation relating to evidence uncovered during the search of Mr. Ross's home. See id. (ECF No. 162).

Mr. Ross was also charged criminally with possessing child pornography arising out of the same conduct underlying his supervised release revocation. See United States v. Ross, Crim. Case No. 1:23-cr-073-LEW (D. Me.) ("2023 Criminal Case"). Mr. Ross asserts that despite his innocence, and the government's failure to present sufficient evidence to prove his guilt, he was convicted of that offense after a jury trial. The court sentenced him to 121 months in prison, to be served consecutively to the twenty-four month sentence imposed for violating the conditions of his supervised release in the 2013 Criminal Case. The First Circuit Court of Appeals affirmed Mr. Ross's conviction. See United States v. Ross, 171 F.4th 522, 534 (1st Cir. 2026). Mr. Ross is presently serving the sentence imposed in the 2023 Criminal Case.

## CLAIMS

Liberally construing the Complaint, the court finds that Mr. Ross, seeking damages and an order vacating the sentence imposed in the 2023 Criminal Case, asserts the following claims for relief in this action:

1. AUSA McCormack and USPO Turgeson denied Mr. Ross due process and a fair trial in his 2023 Criminal Case and supervised release violation in violation of Mr. Ross's Fifth Amendment rights.

2. USPO Turgeson conducted an unreasonable warrantless search of Mr. Ross's home, in violation of his Fourth Amendment rights.

3. USPO Turgeson acted as a "stalking horse," by searching Mr. Ross's home to help the police search for evidence of new crimes with which to charge Mr. Ross.

4. AUSA McCormack and USPO Turgeson subjected Mr. Ross to false arrest and imprisonment, in violation of his Fourth and Fifth Amendment rights.

5. AUSA McCormack and USPO Turgeson prosecuted Mr. Ross criminally based on the conduct underlying his supervised release violation, in violation of his Fifth Amendment right not to be subject to double jeopardy.

6. USPO Turgeson subjected Mr. Ross to unconstitutional conditions of supervised release, in violation of his Fourth and Fifth Amendment rights.

7. The Defendants conspired to engage in the alleged violations of Mr. Ross's constitutional rights set forth in Claims 1-6 above.

## DISCUSSION

### I. Immunity

#### A. AUSA Andrew McCormack

A government prosecutor performing functions "'intimately associated with the judicial phase of the criminal process,'" enjoys absolute immunity from lawsuits. Penate v. Kaczmarek, 928 F.3d 128, 135 (1st Cir. 2019) (quoting Forrester v. White, 484 U.S. 219, 226 (1988)); see also Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). Federal prosecutors are thus absolutely immune from suit for conduct undertaken in the exercise of their "core prosecutorial function of

'initiating a prosecution and . . . presenting the State's case.'" Penate, 928 F.3d at 135 (quoting Imbler, 424 U.S. at 431); see also Chan v. Cirilli, Civil Action No. 1:21-cv-11135-IT, 2022 U.S. Dist. LEXIS 211287, at *5-*7, 2022 WL 17156089, at *3 (D. Mass. Nov. 22, 2022) (doctrine of prosecutorial immunity applies to suit against federal prosecutors) (citations omitted).

Here, Mr. Ross's allegations against AUSA McCormack describe acts taken pursuant to his official function as a prosecutor — specifically, bringing, pursuing, and litigating a criminal case. Accordingly, AUSA McCormack is shielded from the claims asserted against him in this action by absolute immunity, and the district judge in this case should dismiss the claims identified above as Claims 1, 4, 5, and 7, to the extent Mr. Ross asserts those claims against AUSA McCormack.

B. USPO Bryce Turgeson

"[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam). "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Zenon, 924 F.3d at 617 n.10 (citation omitted). Absolute judicial immunity precludes lawsuits for damages against federal judges for actions within "their judicial functions." Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 108 (1st Cir. 2015); see also Verogna v. Johnstone, 583 F. Supp. 3d 331, 337 (D.N.H. 2022), aff'd, No. 22-1364, 2022 U.S. App. LEXIS 37681, at *1, 2022 WL 19795808, at *1 (1st Cir. Nov. 14, 2022). Judicial immunity also precludes lawsuits against

federal judges where the plaintiff seeks injunctive relief. See Verogna, 583 F. Supp. 3d at 337 (citing Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000)).

Judicial immunity "extends to other officers of government, whose duties are related to the judicial process." Barr v. Matteo, 360 U.S. 564, 569 (1958). Probation officers in the federal courts, while "engag[ing] in a role closely associated with the discretionary function of the decision-maker" -- here, a judge -- are immune from suit for actions taken in that role. Namey v. Reilly, 926 F. Supp. 5, 8-10 (D. Mass. 1996). "As an 'investigative and supervisory arm of the court,'" a USPO "'is entitled to absolute immunity from suit in the performance of . . . [his] judicially-related functions.'" Marston v. Cook, Civ. No. 10-cv-278-WES, 2010 U.S. Dist. LEXIS 129925, at *8, 2010 WL 5092743, at *3 (D.N.H. Aug. 31, 2010) (quoting United States v. Davis, 151 F.3d 1304, 1306 (10th Cir.1998)), R&R adopted sub nom. Marston v. United States, No. 10-cv-278-WES, 2010 U.S. Dist. LEXIS 130525, at *1, 2010 WL 5090512, at *1 (D.N.H. Dec. 6, 2010); see also Benson v. Safford, 13 F. App'x 405, 407 (7th Cir. 2001) ("probation officers are absolutely immune from suits challenging conduct intimately associated with the criminal justice process); Tripati v. U.S. Immigr. & Naturalization Serv., 784 F.2d 345, 348 (10th Cir. 1986) (holding that when "the challenged activities of a federal probation officer are intimately associated with the judicial phase of the criminal process, he or she is absolutely immune from a civil suit for damages"). Additionally, where probation officers act in a prosecutorial role in court, they are protected by absolute prosecutorial immunity. See Penate, 928 F.3d at 135 (noting that the Supreme Court has taken a "functional approach" to absolute immunity from suit, which "looks to the nature of the function performed, not the identity of the actor who performed it." (quoting Forrester, 484 U.S. at 229)).

To the extent Mr. Ross's claims against USPO Turgeson are based on that officer's actions in supervising Mr. Ross, investigating an alleged violation of supervised release, presenting information and evidence in Mr. Ross's supervised release violation proceedings, recommending a sentence for those violations, maintaining records of Mr. Ross as directed by the court, or "any other duty that the court may [have] designate[d]," he is absolutely immune from suit. For these reasons, the district judge should dismiss the claims identified above as Claims 1-7 to the extent Mr. Ross asserts those claims against USPO Turgeson.

## II. Challenges to Criminal Case

### A. Damages Claims

In the claims identified in this Report and Recommendation as Claims 1-5 and 7, Mr. Ross challenges, directly and indirectly, the proceedings in the 2023 Criminal Case, and the 121-month sentence imposed in that case, as well as the supervised release violation proceedings which preceded that criminal prosecution. "Plaintiffs are generally barred from litigating claims for damages that would necessarily imply the invalidity of a judgment of conviction and a sentence unless the judgment and sentence have been previously invalidated." Violette v. Baker, No. 2:19-CV-479-PJB, 2020 U.S. Dist. LEXIS 235427, at *4, 2020 WL 7356608, at *2 (D. Me. Dec. 15, 2020) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)), R&R approved, 2021 U.S. Dist. LEXIS 43221, at *1 (D. Me. Mar. 8, 2021); see also Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) (finding that the "Heck rule" applies to challenges to federal convictions asserted against federal officials); Hutchins v. Me. State Hous., No. 1:14-cv-00491-JAW, 2015 U.S. Dist. LEXIS 50428, at *13, 2015 WL 2250672, at *4 (D. Me. Apr. 16, 2015) ("Heck rule" applied to claims concerning validity of order revoking plaintiff's supervised release), R&R approved, 2015 U.S. Dist. LEXIS 62492, at *1, 2015 WL 2250672, at *1 (D. Me. May 13, 2015). Accordingly,

the district judge should dismiss Claims 1-5 and 7, as Mr. Ross's success on those claims would undermine the validity of his supervised release violation proceedings, the proceedings in the 2023 Criminal Case, and/or the sentences imposed in those proceedings, as those proceedings have not been invalidated on appeal or otherwise.

B. Relief From Conviction and Sentence

In addition to damages, Mr. Ross seeks release from his present incarceration and an order vacating his conviction in the 2023 Criminal Case. To the extent Mr. Ross seeks release by challenging the validity of his criminal conviction, such claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." Trump v. J. G. G., 604 U.S. 670, 672 (2025) (citations omitted). The district judge should therefore dismiss Mr. Ross's claims to the extent he seeks such relief, without prejudice to his ability to challenge his conviction and/or sentence on appeal, in a motion brought under 28 U.S.C. § 2255 or in a habeas action, as appropriate.

## III. Claims Against Scott Lee Ross and Mike Lee Ross

Mr. Ross seeks to bring a conspiracy claim, identified above as Claim 7, against his brothers for violating his constitutional rights. Mr. Ross's brothers, however, are private actors. With certain exceptions not applicable here, private individuals generally cannot be held liable for violations of another individual's federal constitutional rights. See Georgia v. McCollum, 505 U.S. 42, 53 (1992). Accordingly, the district judge should dismiss Mr. Ross's claims asserted against Scott Lee Ross and Mike Lee Ross based on alleged violations of his constitutional rights.

## IV. Insufficiently Stated Claims

In the claim identified above as Claim 7, Mr. Ross alleges that the Defendants engaged in a conspiracy to violate his constitutional rights. Stripped of conclusory allegations, Mr. Ross has

not stated any facts to support either Claim 7 or Claim 8, and the district judge should dismiss those claims.

**CONCLUSION**

For the foregoing reasons, the district judge should dismiss this action in its entirety. The dismissal should be without prejudice to Mr. Ross's ability to reassert claims in a new civil action if his 2023 Criminal Case is invalidated in the future by a successful appeal or habeas corpus action, and without prejudice to his ability to seek relief from his criminal conviction on appeal, in a motion filed under 28 U.S.C. § 2255, or in a habeas petition, as appropriate.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

August 17, 2026

cc: Kevin Lee Ross, pro se